UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AMERICAN PETROLEUM INSTITUTE, ET AL. | * | CIVIL ACTION |
| | * | NO. 21-905 |
| VERSUS | | |
| | * | SECTION "A" (2) |
| NATIONAL MARINE FISHERIES SERVICE, ET AL. | * | |

**ORDER AND REASONS**

Pending before me is a Motion to Compel Privilege Log filed by Plaintiffs American Petroleum Institute and EnerGeo Alliance. ECF No. 70. Defendants Howard Lutnick, in his official capacity as Secretary of Commerce, and the National Marine Fisheries Service filed an Opposition Memorandum, and Plaintiffs filed a Reply Memorandum. ECF Nos. 72, 73. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiffs' Motion to Compel Privilege Log is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiffs American Petroleum Institute ("API") and EnerGeo Alliance ("EnerGeo") pursue suit against Howard Lutnick (formerly Gina Raimondo[1]), in his official capacity as Secretary of Commerce, and the National Marine Fisheries Service ("NMFS") challenging the final rule promulgating regulations governing the unintentional taking of marine mammals incidental to geophysical surveys related to oil and gas activities in the Gulf of Mexico, pursuant

---

[1] *See* FED. R. CIV. P. 25(d).

1

to § 101(a)(5)(A) of the Marine Mammal Protection Act ("MMPA"), 16 U.S.C. § 1371(a)(5)(A). ECF No. 56 ¶ 1. Plaintiffs contend that the final rule violates the MMPA and is arbitrary and capricious in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06. *Id.* ¶ 2.

The NMFS lodged the administrative record on October 18, 2024. ECF Nos. 61, 62. By Order dated March 20, 2025, Judge Zainey issued a Briefing Schedule on the administrative record. ECF No. 69. This Order required Plaintiffs to file their motion on the administrative record by May 2, 2025, Defendants to file their response by June 6, 2025, and Plaintiffs to file their Reply by June 23, 2025. *Id.* It further established a submission date of July 23, 2023. *Id.* On the filing deadline of May 2, 2025, Plaintiffs filed this Motion to Compel Privilege Log. ECF No. 70. In accordance with the briefing schedule, Defendants filed their Opposition on June 6, 2025, and Plaintiffs filed their Reply by June 23, 2023. ECF Nos. 72, 73.

Plaintiffs state that, although Defendants certified the administrative record as "true, correct and complete," Defendants have admitted that a variety of documents (e.g., JASCO Applied Sciences' ("JASCO") models, inputs to the model, and all communications between NMFS and JASCO about the model and instructions provided by NMFS to JASCO) were withheld based on deliberative process privilege. ECF No. 70 at 2; No. 70-1 at 2-3. Plaintiffs challenge Defendants' failure to include factual modeling information in the administrative record, arguing that "purely factual" information is not covered by any privilege. ECF No. 70-1 at 6, 9, 11. Plaintiffs argue that, while withholding privilege documents may be appropriate, nothing excuses the NMFS from providing a privilege log identifying the withheld documents, which is necessary for Plaintiffs (and the Court) to assess whether to challenge the invocation of privilege, particularly important for the conditional deliberative process privilege. *Id.* at 2, 7-11

2

In Opposition, Defendants argue that APA lawsuits are not like standard civil litigation because there is no discovery or *de novo* factfinding. ECF No. 72 at 7. Rather, courts perform a quasi-appellate review of the agency's action based on the administrative record. *Id.* Defendants assert that the administrative record consists of the agency's final, articulated decision and those materials the agency decisionmakers considered in making that decision, not any predecisional or deliberative materials generated leading up to the agency's final decision. *Id.* Defendants argue that Plaintiffs' speculation and curiosity over unidentified predecisional and deliberative agency emails concerning modeling is insufficient to support an order for a privilege log, and Plaintiffs fail to address two Circuits' (Ninth and District of Columbia) decisions supporting Defendants' position. *Id.* at 8. Defendants assert that the documents identified by Plaintiffs are predecisional and deliberative; thus, they fall outside of the administrative record and need not be identified on a privilege log because they were not "withheld." *Id.* Defendants argue that irrelevant materials (i.e., those that fall outside of the administrative record) need not be classified or logged as privileged or not. *Id.* at 10-16. Defendants argue that Plaintiffs should file a Freedom of Information Act request given that the scope of an administrative record is narrower than FOIA. *Id.* at 10, 16. On the merits, Defendants assert that Plaintiffs have not identified what documents are at issue or even filed a motion to supplement or complete the record, and that JASCO's relevant modeling for the Bureau of Ocean Energy Management ("BOEM") is already included in the administrative record. *Id.* at 22-25. Absent a showing of bad faith by the agency, Defendants argue that the agency is entitled to the presumption that it properly compiled the administrative record. *Id.* at 28.

In Reply, Plaintiffs assert that they seek communications with JASCO because it is a third-party contractor hired by BOEM to perform computer modeling of acoustic impacts on marine

mammals and NMFS used JASCO's modeling as the basis for its final rule. ECF No. 73 at 1. Plaintiffs contend that, without a privilege log, no one can determine whether those documents (estimated by Defendants to be 872 documents) are truly predecisional and deliberative or rather documents relied upon by the agency decisionmakers in the rulemaking. *Id.* at 2-3. Further, Plaintiffs argue that NMFS cites no authority for excluding communications with third-party contractors because communications from a third-party contractor cannot reflect NMFS's internal deliberations. *Id.* at 4-5. Plaintiffs reiterate that it is for the court, not Defendants, to determine whether any materials are in fact deliberative. *Id.* at 5-8.

## II.     APPLICABLE LAW AND ANALYSIS

"A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."[2] To permit meaningful judicial review of agency action, an agency is required to "disclose the basis" of its action.[3] The reviewing court must review the "whole record or those parts of it cited by a party."[4] Thus, the agency must produce a complete and true record for the court to review.[5]

### A.     What is the "Administrative Record"?

In describing the administrative record, then-District (now Circuit) Judge Higginbotham stated:

---

[2] 5 U.S.C. § 702.
[3] *Dep't of Com. v. New York*, 588 U.S. 752, 755 (2019) (quoting *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167–169 (1962)); *see also SEC v. Chenery Corp.*, 318 U.S. 80, 94 (1943) ("[T]he orderly functioning of the process of review requires that the grounds upon which the administrative agency acted be clearly disclosed and adequately sustained.").
[4] 5 U.S.C. § 706. This is known as the "record rule." *Texas v. Biden*, 20 F.4th 928, 965 (5th Cir. 2021), *as revised* (Dec. 21, 2021), *rev'd and remanded*, 597 U.S. 785 (2022).
[5] *See, e.g.*, *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971) (noting that a court reviewing agency action under the APA must consider "the full administrative record that was before the [decision-maker] at the time he made his decision"), *overruled in part on other grounds*, *Califano v. Sanders*, 430 U.S. 99 (1977).

4

> [T]he "whole record" is not necessarily those documents that the agency has compiled and submitted as "the" administrative record. Rather, in applying the substantial evidence test, the Court must look to all the evidence that was before the decision-making body. The "whole" administrative record, therefore, consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position.[6]

Other courts have similarly defined the record as including "'the facts presented to the agency' and 'the reasons given by the agency for taking the action.'"[7] The record includes pertinent but unfavorable information, and the agency may not exclude information on the ground that it did not "rely" on that information in its final decision.[8] Matters not considered by the agency, however, fall outside of the record evaluated for substantial evidence; as such, they are legally irrelevant and not discoverable.[9]

A reviewing court is ordinarily limited to evaluating the agency's contemporaneous explanation in light of the existing administrative record:[10] "[T]he focal point for judicial review should be the Administrative Record 'already in existence, not some new record made initially in the reviewing court.'"[11] The whole administrative record is not, however, necessarily limited to

---

[6] *Exxon Corp. v. Dep't of Energy*, 91 F.R.D. 26, 32–33 (N.D. Tex. 1981) (Higginbotham, J.) (citations and quotations omitted); *see also Rocky Mountain Peace & Just. Ctr. v. United States Fish & Wildlife Serv.*, 40 F.4th 1133, 1160 (10th Cir. 2022) ("The complete administrative record consists of all documents and materials directly or indirectly considered by the agency."); *Thompson v. U.S. Dep't of Lab.*, 885 F.2d 551, 555 (9th Cir. 1989) ("The 'whole' administrative record . . . consists of all documents and materials directly or indirectly considered by agency decision-makers and includes evidence contrary to the agency's position.").
[7] *Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, No. 25-1411, 2025 WL 1249608, at *24 (4th Cir. Apr. 30, 2025) (quoting *Dow AgroSciences LLC v. Nat'l Marine Fisheries Serv.*, 707 F.3d 462, 468 (4th Cir. 2013)).
[8] *Id.* (quoting *Tafas v. Dudas*, 530 F. Supp. 2d 786, 793 (E.D. Va. 2008) (collecting cases)); *Ad Hoc Metals Coal. v. Whitman*, 227 F. Supp. 2d 134, 139 (D.D.C.2002) (holding that a complete record must include any materials that were "referred to, considered by, or used by [the agency] before it issued its final rule"); *Env't Def. Fund, Inc. v. Blum*, 458 F. Supp. 650, 661 (D.D.C. 1978) ("The agency may not . . . skew the 'record' for review in its favor by excluding from that 'record' information in its own files which has great pertinence to the proceeding in question."); *see also Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988), *corrected*, 867 F.2d 1244 (1989); *Nat'l Wildlife Fed'n v. Burford*, 677 F. Supp. 1445, 1457 (D. Mont. 1985).
[9] *Exxon*, 91 F.R.D. at 33 (citations omitted).
[10] *Dep't of Com.*, 588 U.S. at 780 (citing *Vt. Yankee Nuclear Power Corp. v. Nat. Res. Def. Council, Inc.*, 435 U.S. 519, 549 (1978); *Camp v. Pitts*, 411 U.S. 138, 142–143 (1973) (per curiam)).
[11] *Exxon*, 91 F.R.D. at 32.

those documents that the agency has compiled and submitted as "the administrative record."[12] Indeed, the agency is not entitled to unilaterally determine what constitutes the administrative record.[13] The agency's designation of the administrative record, however, like any established administrative procedure, is entitled to a presumption of administrative regularity.[14] Therefore, absent clear evidence to the contrary, the court presumes that the agency properly designated the administrative record.[15] When a party challenges the completeness of the record, it cannot simply allege that the record is incomplete; rather, it must provide the court with reasonable, non-speculative grounds to believe that materials considered by the agency in the decision-making process are not included in the record before the court may allow the party to conduct discovery and/or complete or supplement the record.[16]

### B. <u>Completing versus Supplementing the Administrative Record</u>

The Supreme Court appears to distinguish between "completing" an administrative record and "supplementing" the record.[17] The Court has also indicated that, when the agency has failed to designate a complete record, the court should first order the agency to complete the administrative record before addressing the need for extra-record discovery.[18]

---

[12] *Thompson*, 885 F.2d at 555 (citing *Exxon Corp.*, 91 F.R.D. at 32).
[13] *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (C.A.10 1993) ("An agency may not unilaterally determine what constitutes the Administrative Record."); *Thompson*, 885 F.2d at 555 ("The whole administrative record . . . is not necessarily those documents that the agency has compiled and submitted as 'the' administrative record.").
[14] *Oceana, Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (quoting *Yuetter*, 994 F.2d at 740).
[15] *Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 445 (9th Cir. 2024) (quoting *Goffney v. Becerra*, 995 F.3d 737, 748 (9th Cir. 2021)); *Colo. Wild Horse & Burro Coal., Inc. v. Kempthorne*, 571 F. Supp. 2d 71, 74 (D.D.C. 2008).
[16] *City of Dall. v. Hall*, No. 07-60, 2007 WL 3257188, at *8 (N.D. Tex. Oct. 29, 2007) (citing *Defs. of Wildlife v. Dalton*, No. 02-00060, 2000 WL 1562928, at *3 (Ct. Int'l Trade 2000)).
[17] *See Dep't of Com.*, 588 U.S. at 765, 782 (describing the motions before the trial court as a motion to compel the government to produce a complete administrative record and a motion for extra-record discovery, noting the parties' subsequent stipulation to include 12,000 pages of additional documents (including deliberative materials) in response to the order granting the motion to compel complete record, and stating that the order for extra-record discovery was premature as "the most that was warranted was the order to complete the administrative record").
[18] *Dep't of Com.*, 588 U.S. at 782.

6

While some lower courts appear to have similarly distinguished between completing and supplementing the record,[19] others conflate the terms: "[C]ourts have viewed 'supplementation' of the administrative record to be synonymous with 'correction' or 'completion' of the administrative record with materials that should have been included in the administrative record, as opposed to the introduction of 'extra-record evidence' (that was properly excluded by the agency) into the administrative record."[20] In that sense, supplementation is not an exception to the record rule because the documents are properly part of the administrative record. Rather, it is consistent with the record rule and does not pose the same difficulties as consideration of extra-record evidence (i.e., evidence not considered by the agency).

The Fifth Circuit does not appear to distinguish between completion and supplementation of record. Rather, it appears to characterize both as supplementation, stating that supplementation is permitted when:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision,
>
> (2) the district court needed to supplement the record with "background information" in order to determine whether the agency considered all of the relevant factors, or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.[21]

---

[19] *See Colo. Wild v. Vilsack*, 713 F. Supp. 2d 1235, 1238 (D. Colo. 2010) (characterizing completing the record as adding "materials which were actually considered by the agency, yet omitted from the administrative record" and supplementing the record as adding "materials which were not considered by the agency, but which are necessary for the court to conduct a substantial inquiry").

[20] *Atchafalaya Basinkeeper, Inc. v. Spellmon*, No. 23-1697, 2024 WL 5245006, at *3 (M.D. La. Dec. 30, 2024) (citation omitted); *see also La Union del Pueblo Entero v. FEMA*, 141 F. Supp. 3d 681, 695 (S.D. Tex. 2015) (citations omitted).

[21] *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010) (citations omitted). Courts in the Fifth Circuit have elaborated on these examples, allowing supplementation of the record:
(1) when agency action is not adequately explained in the record before the court;
(2) when looking to determine whether the agency considered all relevant factors;
(3) when a record is incomplete;
(4) when a case is so complex that a court needs more evidence to enable it to understand the issues;
(5) when evidence arising after the agency action shows whether the decision was correct or not;
(6) in certain NEPA cases;

7

Supplementation is not allowed unless the movant demonstrates "unusual circumstances justifying a departure" from the presumption that review is limited to the record compiled by the agency.[22] The court may inquire into "the mental processes of administrative decisionmakers" or conduct extra-record discovery when a movant makes a strong showing of bad faith or improper behavior.[23]

### C. What is the Deliberative Process Privilege?

The "deliberative process privilege" permits the government to withhold documents that reflect advisory opinions, recommendations and deliberations comprising part of a process by which government decisions and policies are formulated.[24] To qualify for the deliberative process privilege, a document must be both 'predecisional' and 'deliberative.'"[25] Documents are predecisional when prepared to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made.[26] Documents are deliberative if they were prepared to help the agency formulate its position[27] or reflect the give-and-take of the consultative process.[28]

---

(7) in preliminary injunction cases; and
(8) when an agency acts in bad faith.
*La Union del Pueblo*, 141 F. Supp. 3d at 694 (citations omitted).

[22] *OnPath Fed. Credit Union v. U.S. Dep't of Treasury, Comty. Dev. Fin. Insts. Fund*, 73 F.4th 291, 299 (5th Cir. 2023) (quoting *Medina Cnty. Env't*, 602 F.3d 687, 706 (5th Cir. 2010) (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008))).

[23] *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897, 911 n.27 (5th Cir. 1983) (citations omitted); *see also Dep't of Com.*, 588 U.S. at 755 (noting that extra-record discovery appropriate when movant makes strong showing of bad faith or improper behavior and holding that such discovery was proper when the government stipulated to including 1200 pages of internal deliberative materials as part of the record and the record reflected pretext).

[24] *U.S. Fish & Wildlife Serv. v. Sierra Club, Inc.*, 592 U.S. 261, 267 (2021) (quoting *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975)).

[25] *Borowski v. U.S. Customs & Border Prot.*, 771 F. Supp. 3d 223, 248 (W.D.N.Y. 2025) (citing *Nat. Res. Def. Council, Inc. v. Doremus*, No. 20-1150, 2021 WL 2322349, at *2 (D.D.C. June 7, 2021) (internal citation omitted)). Whether the deliberative process privilege is asserted in an APA case or in the Freedom of Information Act context, the test for the privilege's applicability is the same, thus, in evaluating a deliberative privilege claim in an APA case, courts often look to FOIA litigation where agencies assert the privilege to withhold information under FOIA's "Exemption 5," which is "effectively co-extensive" with the common law deliberative process privilege. *See, e.g.*, *Silverton Mountain Guides LLC v. U.S. Forest Serv.*, No. 22-48, 2022 WL 16553223, at *5 (D. Alaska Oct. 31, 2022) (citations omitted).

[26] *Colo.Wild Horse*, 571 F. Supp. 2d at 75.

[27] *Sierra Club*, 592 U.S. at 268.

[28] *Colo. Wild Horse*, 571 F. Supp. 2d at 75 (quoting *Petroleum Info. Corp. v. U.S. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992) (citation omitted); *Coastal States Gas Corp. v. DOE*, 617 F.2d 854, 866 (D.C. Cir 1980)).

The impetus of the deliberative process privilege (i.e., to foster candor by avoiding the prospect of disclosure) does not apply to documents that embody a final decision because once a decision is made, deliberations are done.[29] For that reason, documents reflecting a final agency decision and the reasons supporting it are not subject to the privilege and exempt from disclosure, unlike predecisional, deliberative documents.[30] Further, the deliberative process privilege does not extend to purely factual material; any non-privileged material that is "reasonably segregable" from the deliberative portions of records must be produced.[31]

The burden of establishing that a document falls within the parameters of the deliberative process privilege rests with the government.[32]

1. **Is the Deliberative Process Privilege Absolute?**

The deliberative process privilege is a conditional or qualified privilege.[33] In deciding whether to grant discovery of deliberative materials, the court must consider, among other factors:

> (i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the "seriousness" of the litigation and the issues involved; (iv) the role of the government in the litigation; [and] (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.[34]

---

[29] *Sierra Club*, 592 U.S. at 267-68.
[30] *Id.* at 268.
[31] *N.Y. Times Co. v. Dep't of Educ.*, 658 F. Supp. 3d 171, 185 (S.D.N.Y. 2023) (citation omitted); *see also Am. Radio Relay League, Inc. v. F.C.C.*, 524 F.3d 227, 238 (D.C. Cir. 2008) (stating that the deliberative process privilege "does not authorize an agency to throw a protective blanket over all information. . . . Purely factual reports and scientific studies cannot be cloaked in secrecy by an exemption designed to protect only those internal working papers in which opinions are expressed and policies formulated and recommended." (citing *Bristol–Myers Co. v. Fed. Trade Comm'n*, 424 F.2d 935, 939 (D.C. Cir. 1970) (footnote and internal quotation marks omitted))).
[32] *New York v. Salazar*, 701 F. Supp. 2d 224, 237 (S.D.N.Y. 2010) (citations omitted).
[33] *Rudometkin v. United States*, 140 F.4th 480, 492 (D.C. Cir. 2025) ("The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." (quoting *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997))); *Marriott Int'l Resorts, L.P. v. United States*, 437 F.3d 1302, 1307 (Fed. Cir. 2006) (noting that a showing of compelling need can overcome the qualified deliberative process privilege); *F.T.C. v. Warner Commc'ns Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984) (holding that a litigant may obtain deliberative materials covered by the qualified deliberative process privilege if the need for the materials and need for accurate fact-finding override the government's interest in non-disclosure (citing *United States v. Leggett & Platt, Inc.*, 542 F.2d 655, 658 (6th Cir. 1976); *United States v. Am. Tel. & Tel. Co.*, 524 F. Supp. 1381, 1386 n.14 (D.D.C. 1981))).
[34] *Bayliss v. N.J. State Police*, 622 F. App'x 182, 186 (3d Cir. 2015) (quoting *Redland Soccer Club v. Dep't of Army of U.S.*, 55 F.3d 827, 854 (3d Cir. 1995) (alteration in original) (quoting *First E. Corp. v. Mainwaring*, 21 F.3d 465 468 n.5 (D.C. Cir. 1994) (internal quotation marks omitted))).

Deliberative documents will be subject to disclosure when the need for accurate fact-finding overrides the government's interest in non-disclosure,[35] when the documents constitute "working law" in that they embody the agency's final view and have an operative effect,[36] or when the agency expressly adopts or incorporates by reference the privileged information within non-privileged materials.[37]

### 2. Are Third-Party Communications Considered Inter- or Intra-Agency Communications Protected by Deliberative Privilege?

In the FOIA context, the Fifth Circuit has explicitly held that, when the agency consults with an outside expert, communications with the outside expert and the outside expert's report constitute intra-agency communications within the meaning of FOIA Exemption 5,[38] which is essentially the deliberative process privilege. Known as the "consultant corollary," courts have recognized that federal agencies often need to rely upon outside experts or other agencies to aid the agency in its deliberative process.[39] Indeed, "[e]very circuit to address this issue . . . has concluded that intra-agency communications are not limited to those between or among an agency's employees."[40] Therefore, communications with outside expert consultant JASCO are properly considered intra-agency communications that fall within the deliberative privilege.

### D. Deliberative Documents and the Administrative Record

Neither the Supreme Court nor the Fifth Circuit has addressed the precise issue of whether documents and materials directly or indirectly considered by agency decisionmakers during the

---

[35] *Warner Commc'ns Inc.*, 742 F.2d at 1161.
[36] *Brennan Ctr. for Just. v. U.S. Dept. of Just.*, 697 F.3d 184, 195, 198 (2d Cir. 2012).
[37] *Sears, Roebuck & Co.*, 421 U.S. at 151; *Nat'l Council of La Raza v. Dep't of Just.*, 411 F.3d 350, 359 (2d Cir. 2005).
[38] *Jobe v. Nat'l Transp. Safety Bd.*, 1 F.4th 396, 404 (5th Cir. 2021) (citing *Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1138 (5th Cir. 1980) (citing *Wu v. Nat'l Endowment for Humans.*, 460 F.2d 1030, 1032 (5th Cir. 1972))); *see also Rojas v. Fed. Aviation Admin.*, 989 F.3d 666, 674 & n.2 (9th Cir. 2021) (en banc) (reversing panel decision rejecting "consultant corollary" rule and thereby joining six other circuits that have recognized that third-party consultants fall within FOIA Exemption 5).
[39] *Wu*, 460 F.2d at 1032.
[40] *Jobe*, 1 F.4th at 404 (citations omitted).

deliberative process fall within the definition of the "whole administrative record" but not subject to disclosure based on the deliberative process privilege or whether such documents and materials fall outside of the term "whole administrative record." The courts that have considered the issue are deeply divided.[41]

The District of Columbia and Ninth Circuits have both held that the term "complete administrative record" does not include deliberative (or other privileged) materials.[42] This conclusion is premised on two well-settled principles of judicial review: (1) the whole record is the record the agency presents and (2) lawfulness of agency action is assessed based on the reasons offered by the agency.[43] Because deliberative materials are not included within the meaning of "administrative record," these courts hold that they need not be identified on a privilege log.[44] When, however, movant shows agency "bad faith or improper behavior," judicial review is necessary and thus a court order for a privilege log is necessary to aid in the court's analysis of whether the materials are in fact deliberative.[45]

---

[41] *See Nat'l Council of Negro Women v. Buttigieg*, No. 22-314, 2024 WL 1287611, at *4-5 (S.D. Miss. Mar. 26, 2024) (noting that federal circuit and district courts are split on whether documents withheld by an agency as deliberative must be accounted for in a privilege log in APA record review actions under 5 U.S.C. § 706).

[42] *See, e.g.*, *Blue Mountains*, 99 F.4th at 444 (citation omitted); *Oceana, Inc.*, 920 F.3d at 865; *Norris & Hirshberg v. Sec. & Exch. Comm'n*, 163 F.2d 689, 693 (D.C. Cir. 1947) (stating that "internal memoranda made during the decisional process . . . are never included in a record"); *see also Am. Fed'n of State, Cnty. & Mun. Emps.*, 2025 WL 1249608, at *24 (addendum to concurring opinion collecting cases); *Town of Norfolk v. Army Corps of Eng'rs*, 968 F.2d 1438, 1458 (1st Cir. 1992) (upholding district court's decision to exclude from the administrative record a draft letter because "the draft letter is clearly protected from disclosure by the deliberative process privilege"); *In re U.S. Dep't of Def. & U.S. Env't Prot. Agency*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016) (agreeing that deliberative materials are generally exempt from inclusion in the record but granting in part and denying in part motion to complete the record to require agency to include factual/technical information from document withheld based on deliberative privilege).

[43] *Blue Mountains*, 99 F.4th at 444-45 (citations omitted).

[44] *Id.*; *see Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) ("A complete administrative record . . . does not include privileged materials, such as documents that fall within the deliberative process privilege, attorney-client privilege, and work product privilege." (citing *Town of Norfolk*, 968 F.2d at 1457-58)); *see also Stand Up for California! v. U.S. Dep't of Interior*, 71 F. Supp. 3d 109, 122 (D.D.C. 2014) (collecting cases); *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 371-72 (D.D.C. 2007).

[45] *Blue Mountains*, 99 F.4th at 445.

The Fourth and Second Circuits appear to disagree, and these circuits have required privilege logs.[46] Several lower courts have likewise disagreed with the District of Columbia and Ninth Circuits, expressly rejecting the rationale for those decisions. These courts have required the government to provide a privilege log for documents not included in the administrative record if same were excluded based on deliberative privilege:

> The courts in *Tafas* and *Blue Ocean* determined that when an agency produces an administrative record, it can omit deliberative materials from that record without invoking the deliberative process privilege or producing a privilege log for those materials. This Court does not find these decisions persuasive. If this Court were to adopt such reasoning, an agency would be free to unilaterally determine which documents should be included in the administrative record and which should not. This process would prevent any court review of the agency's decision to omit certain records, and would leave parties, such as Petitioners, with no legal recourse. This flies in the face of prior Tenth Circuit case law stating that an agency cannot "unilaterally determine what constitutes the Administrative Record." This Court, therefore, refuses to adopt a standard that would effectively bar judicial review of an agency's decision to omit certain documents from the administrative record.[47]

More recently, our Chief Magistrate Judge North explained: "[T]o be complete, an [administrative record] must include or otherwise account for 'all documents . . . considered by [the] agency,' not just the non-privileged ones."[48] Similarly, another federal court in Louisiana required a privilege log for similar reasons:

> [C]ourts within the D.C. Circuit allow the government to rely on privilege as grounds for exclusion from the record without producing a privilege log. However, these cases rest on the presumption of regularity. Multiple district courts and magistrate judges have found an incomplete record based on materials over which

---

[46] *Nat'l Council of Negro Women*, 2024 WL 1287611, at *4 (citing *Defs. of Wildlife v. Dep't of the Interior*, No. 18-2090, slip op. at 2 (4th Cir. Feb. 5, 2019), where the Fourth Circuit ordered the agency to file administrative record and submit a privilege log if the government withholds any documents under the guise of the deliberative process privilege (or any other privilege), and *In re Nielsen*, No. 17-3345, slip op. at 3 (2d Cir. Dec. 27, 2017), where the Second Circuit denied mandamus to stay discovery orders by the district court in a 5 U.S.C. § 706 action and noted that court would be unable to evaluation assertion of privilege without a privilege log).

[47] *Wyoming v. U.S. Dep't of Interior*, No. 07-319, 2008 WL 11335191, at *2 (D. Wyo. Oct. 6, 2008) (quoting *Yuetter*, 994 F.2d at 739); *see also Nat'l Council of Negro Women*, 2024 WL 1287611 at *4-5 (collecting cases reaching opposite conclusions).

[48] *Club v. Angelle*, No. 19-13966, 2021 WL 9526861, at *3 (E.D. La. Mar. 4, 2021) (alteration in original) (quoting *Exxon Mobil Corp. v. Mnuchin*, No. 17-1930, 2018 WL 4103724, at *2 (N.D. Tex. Aug. 29, 2018)).

the federal defendants asserted a privilege, and have addressed the privilege claim
by requiring production of privilege logs. Therefore citation to the D.C. cases does
not advance a convincing argument for treating the claim of privilege as grounds
for record exclusion without even considering whether a privilege exists . . . ."[49]

After careful consideration of these competing lines of authority, the undersigned rejects the circular argument: predecisional, deliberative documents need not be identified on a privilege log because they are not part of the administrative record, and they are not part of the administrative record because they are predecisional, deliberative documents. Rather, as held by my colleague, the "complete administrative record" must include or otherwise account for *all* documents directly or indirectly considered by the agency decisionmakers, not just the non-privileged ones.[50] Similar to a *Vaughn* index in the FOIA context,[51] requiring a privilege log that identifies any document excluded from the administrative record based on assertion of privilege allows the parties to know whether any document has in fact been excluded from the lodged administrative record when it would have otherwise been included but for its privileged nature, and allows the Court to assess whether the movant has carried the burden to establish that the privilege should not apply.[52]

### E.     Analysis of Pending Motion

Plaintiffs assert that NMFS admitted to "relying on third-party contractor JASCO to conduct modeling" and "using overly conservative modeling that is missing from the administrative record." ECF No. 70-1 at 10-11 (citing 86 Fed. Reg. at 5335).[53] It argues that

---

[49] *W&T Offshore, Inc. v. Jewell*, No. 14-2449, 2016 WL 8260549, at *2 n.5 (W.D. La. Feb. 23, 2016) (citations omitted).
[50] *Angelle*, 2021 WL 9526861, at *3.
[51] A *Vaughn* index describes documents identified as responsive to a FOIA request but not produced with an explanation for same. *Jobe*, 1 F.4th at 402 n.5 (citing *Cooper Cameron Corp. v. U.S. Dep't of Lab., Occupational Safety & Health Admin.*, 280 F.3d 539, 544 n.12 (5th Cir. 2002); *Vaughn v. Rosen*, 484 F.2d 820, 827–28 (D.C. Cir. 1973)).
[52] *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010) (finding that the agency's presumption of legitimacy "does not relieve the withholding agency of its burden of proving that the factual information sought falls within the statutory exemption asserted").
[53] A comment to the proposed rule included an assertion that "JASCO is a consulting company contracted by NMFS and BOEM to model acoustic exposures of marine mammals to noise produced by industry survey activity," to which

JASCO's modeling is akin to objective, fact-based scientific conclusions and not properly within the protection of the deliberative process privilege. *Id.* at 11. Although Plaintiffs describe the documents they seek differently throughout the briefs,[54] the crux of the motion appears to be that Defendants have not included JASCO modeling data and instructions in the administrative record. Defendants, however, dispute the assertion that they have withheld any documents based on the deliberative privilege rather than relevance.[55] They further represent that they have no explanatory or descriptive information about JASCO's acoustic modeling beyond that already included in the administrative record.[56]

Predecisional, deliberative documents or materials that the agency decisionmakers directly or indirectly considered fall within the parameters of the "whole administrative record." That does not mean that every single email or predecisional, deliberative document is a document that the agency decisionmakers directly or indirectly considered. While the parties dispute that issue in this case, Defendants' response to Item No. 6 indicates that Defendants have excluded certain underlying factual information from the administrative record based on deliberative privilege:

> 6. All communications between JASCO and NMFS discussing JASCO's modeling and the modeling inputs and outputs used. Such information relates to purely factual information not protected by the deliberative process privilege and cannot be obtained anywhere else.
>
> RESPONSE: This request appears to rely on two categorical assumptions: (1) all communications between NMFS and JASCO that discuss JASCO's modeling and the modeling inputs and outputs used are purely factual in nature; and (2) communications that are purely factual in nature cannot be deliberative. NMFS does not agree with these assumptions and maintains that these communications are

---

NMFS responded regarding the goal of the modeling exercise. Taking and Importing Marine Mammals, 86 Fed. Reg. 5332, 5335 (Jan. 19, 2021) (codified at 50 C.F.R. pt. 217).

[54] *See* ECF No. 70-1 at 2 ("all internal emails and all emails between Defendants and a consultant NMFS hired to perform the marine mammal take modeling at the heart of this case"), 6-7 ("all scientific and factual information that served as the very foundation for NMFS's inflated marine mammal incidental take estimates that are at the heart of this case"), 11 (instructions about how the modeling should be conducted or was conducted by JASCO).

[55] ECF No. 72 at 8-9.

[56] *Id.* at 22 n.8 (citing ECF No. 72-3 ¶ 9); *see also id.* at 24-26 (pointing to Federal Register and administrative record reflecting modeling information).

predecisional and deliberative and therefore not part of the administrative record. *See, e.g.*, *Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1136 (5th Cir. 1980); *Russell v. Dep't of the Air Force*, 682 F.2d 1045, 1048 (D.C. Cir. 1982) (where "disclosure of even purely factual material would reveal an agency's decision-making process," it is not subject to disclosure) (citation omitted).[57]

To the extent that Defendants have excluded from the administrative record any documents considered, directly or indirectly, by the agency decisionmakers, in reaching its decision, the record is not complete. Any document not included in the whole administrative record based on its status as a deliberative documents must be identified on a privilege log; however, Defendants need not include a privilege log identifying any predecisional, deliberative documents (presumably a large number of the emails at issue) that were *not* considered by the agency decisionmakers as same do not fall within the parameters of the administrative record.

The agency is entitled to rely on the presumption of administrative regularity in its designation of which materials or documents were directly or indirectly considered by agency decisionmakers. The agency is not, however, entitled to unilaterally remove from the complete administrative record delivered for judicial review materials or documents directly or indirectly considered by the agency decisionmakers without disclosing same on a privilege log.

### III. **CONCLUSION**

To the extent that the Government has excluded from the administrative record any materials or documents considered by the agency decisionmakers based on same's status as predecisional/deliberative, the administrative record is incomplete. Without a privilege log identifying such documents, neither Plaintiffs nor the Court can determine whether such documents or materials are properly characterized as protected by the deliberative privilege or whether this qualified privilege should yield such that the document be included in the

---

[57] ECF No. 72-1 at 7.

administrative record. For these reasons, documents or materials considered by agency decisionmakers but not included in the administrative record lodged for review based on privilege must be identified on a log so that Plaintiffs (and the Court) can properly assess whether privilege applies or not. Documents or materials *not* considered upon by agency decisionmakers do not fall within the definition of "complete administrative record" and thus need not be logged.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Compel Privilege Log filed by Plaintiffs American Petroleum Institute and EnerGeo Alliance (ECF No. 70) is GRANTED IN PART AND DENIED IN PART as stated herein.

IT IS FURTHER ORDERED that, on or before September 1, 2025, Defendants must review the underlying agency documents and materials to produce a privilege log identifying any documents or materials considered by the agency decisionmakers that were excluded from the lodged administrative record in reliance on the deliberative process privilege. Documents excluded based on relevance (i.e., not directly or indirectly considered by agency decisionmakers) would not fall within the complete administrative record and thus need not be logged.

Signed this __29th__ day of July, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE